UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **OBIOMA CHUKWU,**<br><br>      **Plaintiff,**<br><br>    v.<br><br>**THE COMMISSIONER OF CHILDREN SERVICES D-C-F and STATE OF NJ (CHRISTINE BEYER),**<br><br>      **Defendant.** | Case No. 23–01196–ESK–AMD<br><br>**OPINION AND ORDER** |

      **THIS MATTER** having come before the Court on plaintiff Obioma Chukwu's amended complaint (ECF No. 25) and subsequent filings (ECF Nos. 26, 27, 28, 29); and the Court finding:

      1.    Plaintiff filed this action on February 28, 2023. (ECF No. 1.) District Judge Zahid N. Quraishi deemed plaintiff's complaint to be withdrawn for failure to pay the filing fee or apply to proceed *in forma pauperis.* (ECF No. 4.) Plaintiff later paid the filing fee and requested that the summons be issued. (ECF No. 11.) The summons was issued on March 26, 2024. (ECF No. 16.) This matter was then reassigned to me. (ECF No. 17.)

      2.    Plaintiff requested reissuance of the summons on May 30, 2024. (ECF No. 19.) I determined in a text order that plaintiff's March 19, 2024 letter (ECF No. 15)—labeled as an amended complaint—was merely a request to change the named defendant and that the original complaint filed at ECF No. 1 remained the operative complaint (ECF No. 20). I further directed the Clerk's Office to reissue the summons (*id.*), which was sent to plaintiff on June 7, 2024 (ECF No. 21). Plaintiff's request for *pro bono* counsel (ECF No. 22) was then denied without prejudice by Magistrate Judge Ann Marie Donio (ECF No. 23).

      3.    Plaintiff filed an amended complaint alleging "Emotional Distress. Abuse of Parental Rights, Malpractices. Abuse of Power. Kidnapping Using

Law—Misconducts Using Law Enforcement." (ECF No. 25.)[1]  Plaintiff then asked to proceed with his case and identified the evidence he wished to obtain and present; indicated that he is being housed in an institution rather than a prison; sent a copy of his original complaint; and filed a request to again change the name of the defendant, receive a new case number, and reissue the summons. (ECF Nos. 26, 27, 28, 29.)[2]

4.  Absent a showing of good cause, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).  "Filing an amended complaint does not toll the Rule 4(m) service period and thereby provide an additional 90 days for service." 4B Wright &

---

[1] An amended complaint's inclusion of a new defendant generally provides a new 90-day window for service of that defendant. 4B Wright & Moore, Federal Practice and Procedure §1137 (4th ed. 2024).  The original complaint named "New Jersey State Child Advocate Executive / Supervisor, 2023" as the defendant while indicating that their position was "Advocates of Children" and he did not know the individual's name or place of employment. (ECF No. 1 pp.1, 4.)  He later ineffectively sought to amend his complaint and name "Commissioner of NJ Children Services," (ECF No. 15) and now names "The Commissioner of Children Services D-C-F and State of NJ (Christine Beyer)" and refers to others—some of them only by first name—elsewhere in the complaint. (ECF No. 25.)  Plaintiff specifically refers to this as a "name change of defendant" (*id.* p.10) rather than the addition of a new defendant, at least with respect to Beyer.  Therefore, I do not interpret the amended complaint as adding Beyer and thereby triggering a new 90-day service window. *See Witasick v. Estes*, Case No. 11–03895, 2012 WL 3075988, at *3 (D.N.J. July 30, 2012) (finding that the amended complaint did not add new defendants but rather corrected the names of original defendants and thus the time to effectuate service began to run upon the filing of the original complaint).

[2] The Local Civil Rules require that a party seeking to cure a defect in its pleading file 1) a copy of the amended pleading with a signature and 2) a form of the amended pleading indicating how it differs from the previously operative pleading by using brackets and strikethroughs.  L. Civ. R. 15.1(b).  Plaintiff has now twice sought to rename defendant by letter. (ECF Nos. 15, 29.)  The instant request (ECF No. 29) is denied.  Plaintiff is advised that future attempts to amend pleadings contrary to Federal Rule of Civil Procedure 15 and Local Civil Rule 15.1 will also be denied. Further, pursuant to Federal Rule of Civil Procedure 15(a), "a party may only amend its pleading once as of right shortly after filing." *Se. Pa. Transp. Auth. v. Orrstown Fin. Servs. Inc.*, 12 F.4th 337, 349 (3d Cir. 2021).  The amended complaint at ECF No. 25 represents plaintiff's amendment as of right.  Any future amendment is to be made by consent or leave of the Court and via a motion consistent with Federal Rule of Civil Procedure 15 and Local Civil Rule 15.1.

Moore, *supra*, §1137.  A court deciding whether to grant an extension of time to effectuate service must conduct a two-step process.  *Davis v. Samuels*, 962 F.3d 105, 116 (3d Cir. 2020).  First, the court must determine whether good cause exists for failure to timely serve a defendant and grant an extension if good cause is shown.  *Id.*  If good cause is not shown, the court must consider whether a discretionary extension should be provided.  *Id.*

5.  Plaintiff filed this action 18 months ago, was issued the summons more than five months ago, and reissuance was provided 90 days ago.  Plaintiff now seeks another reissuance without providing any demonstration that he has effectuated service or good cause for not yet doing so.

Accordingly,

**IT IS** on this **6th** day of **September 2024**   **ORDERED** that:

1.  The Clerk's Office is directed to mail a new summons and a copy of this opinion and order to plaintiff at his address of record.

2.  Plaintiff's request to amend and for a new case number (ECF No. 29) is DENIED.

3.  Plaintiff shall have 30 days to demonstrate that he has effectuated service consistent with Federal Rule of Civil Procedure 4 or good cause for his failure to do so.

4.  If plaintiff fails to demonstrate that he has effectuated service or good cause for not doing so, the Court will dismiss his claims against Beyer without prejudice.

                      */s/ Edward S. Kiel*
                      **EDWARD S. KIEL**
                      **UNITED STATES DISTRICT JUDGE**