## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **OBIOMA CHUKWU,** | **Case No. 23–cv–01196–ESK–AMD** |
| **Plaintiff,** | |
| **v.** | **OPINION AND ORDER** |
| **THE COMMISSIONER OF CHILDREN SERVICES D-C-F and STATE OF NJ (CHRISTINE BEYER),** | |
| **Defendant.** | |

**THIS MATTER** having come before the Court on plaintiff Obioma Chukwu's motion to reopen the case (ECF No. 50 (Third Mot. Reopen)); and the Court finding:

1.    Plaintiff filed this action on February 28, 2023 (ECF No. 1), but did not pay the filing fee until August 11, 2023 (Docket entry after ECF No. 5). Plaintiff thereafter requested that summons be issued.  (ECF No. 11.) Summons were issued on March 26, 2024.   (ECF No. 16.)

2.    This case was then reassigned to me.   (ECF No. 17.)   On June 7, 2024, I interpreted plaintiff's filing at ECF No. 15 as a mere request to correct the name of the defendant rather than an amended complaint and concluded that the original complaint at ECF No. 1 remained operative.   (ECF No. 20.) I also granted plaintiff's request to have summons reissued.   (*Id.*)

3.    Plaintiff proceeded to file an amended complaint (ECF No. 25 (Am. Compl.)) and additional documents, including yet another request for summons (ECF Nos. 26, 27, 28, 29).   I read the amended complaint as properly naming defendant Christine Beyer as opposed to adding her as a new defendant and concluded that the amended complaint did not trigger a new 90-day period to effectuate service pursuant to Federal Rule of Civil Procedure (Rule) 4(m). (ECF No. 30 (Sept. 6, 2024 Order) p. 2 n. 1.)   I further directed the Clerk's Office to reissue summons and provided plaintiff 30 days to demonstrate that he effectuated service or had good cause for his failure to do so.   (*Id.* p. 3.)

4.    Plaintiff responded with a flurry of filings, including those seeking to further amend his complaint (ECF Nos. 33, 34, 35, 37, 42) and for additional time to effectuate service (ECF Nos. 39, 42).   I denied plaintiff's requests for additional time, dismissed Beyer without prejudice, advised that any further amendment was to be sought by motion, and directed the Clerk to administratively terminate the case.   (ECF No. 43 (Oct. 24, 2024 Order).)

5.    Plaintiff twice moved to reopen the case.   (ECF Nos. 44, 48.)   I denied both requests due to plaintiff's continued failure to effectuate service. (ECF No. 45 (Jan. 10, 2025 Order), ECF No. 49 (May 11, 2025 Order).)   Most recently, I "advised that failure to serve defendants and otherwise follow the Court's repeated instructions by May 30, 2025 may result in involuntary dismissal of this case."   (May 11, 2025 Order.)

6.    The instant motion followed. (Third Mot. Reopen.) Plaintiff describes therein "100+ Reasons for Reopening" this case, many of which consist of his relationship with his child, the purported availability of evidence, and his desire to issue subpoenas.   (*Id.*)   Like its predecessors, the motion fails to address my continued instructions for plaintiff to demonstrate that service has been effectuated or provide good cause for his failure to do so.

7.    District courts possess discretion to *sua sponte* dismiss cases for failure to prosecute or comply with orders pursuant to Rule 41(b) so long as they apply the balancing test of *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984).   *See Nieves v. Thorne*, 790 F. App'x 355, 357 (3d Cir. 2019) (reviewing dismissal for abuse of discretion).

> Under *Poulis*, a court must weigh: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense."

> *Id.* (quoting *Poulis*, 747 F.2d at 868.)

8.    I conclude that plaintiff's repeated failures to effectuate service and comply with my orders warrant dismissal under *Poulis*.

9.    First, plaintiff is proceeding *pro se* and is thus personally responsible for his actions.   *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017).

Plaintiff has been issued summonses on three separate occasions over the past 15 months (ECF Nos. 16, 21, 31 (collectively Summonses Issued)) and has yet to effectuate service or explain his failure to do so. *See Bracey v. Burlington Cnty. Dep't of Corrs.*, Case No. 19–00432, 2019 WL 4011183, at *1 (D.N.J. Aug. 26, 2019) (noting that summonses were issued and there was no record of the plaintiff effectuating service within Rule 4(m)'s timeframe).

10.    Second, Beyer and the other unserved defendants are prejudiced as they have not been provided notice of this case within the statutory period. *See Rogers v. NJDOC*, Case No. 15–07005, 2021 WL 4243494, at *1 (D.N.J. Sept. 16, 2021) (finding that the second *Poulis* factor was satisfied upon the plaintiff's failure to provide notice during the applicable statutory period). Plaintiff asserts that the events that give rise to this case occurred in 2021 and 2022. (Am. Compl. p. 4.) His claims include kidnapping and emotional distress. (*Id.* pp. 3, 4, 10, 11.) The statute of limitations for these intentional and/or negligent torts is two years. *See* N.J. Stat. Ann. §2A:14–2. Insofar as jurisdiction is asserted pursuant to 42 U.S.C. §1983, (Am. Compl. p. 7), the same statute of limitations applies. *See Moore v. Walton*, 96 F.4th 616, 622 (3d Cir. 2024) ("A civil rights action under section 1983 is subject to the personal injury statute of limitations of the state in which the cause of action accrued.").

11.    Third, plaintiff has exhibited a history of dilatory behavior. Summonses have been issued on three separate occasions. (Summonses Issued.) I have already provided plaintiff an extension to demonstrate that service had been effectuated (Sept. 6, 2024 Order p. 3), which itself was well beyond Rule 4(m)'s 90-day window. *See Dickens*, 700 F. App'x at 118 (finding that the plaintiff's history of dilatoriness was demonstrated in part by his failure to serve some of the defendants); *Larionov v. Artikture*, Case No. 22–00656, 2022 WL 4448200, at *1 (D. Del. Sept. 23, 2022) (noting that the plaintiffs failed to serve some of the defendants or respond to the court's order to show cause). Plaintiff has repeatedly ignored my concerns and direct orders regarding service. Most recently, I advised that plaintiff's continued failure to effectuate service and follow my instructions may result in involuntary dismissal. (May 11, 2025 Order.) Plaintiff's instant motion demonstrates his unwillingness to proceed within procedural rules or follow my direct orders.

12.    Fourth, plaintiff is proceeding *pro se* and thus only "he can take steps to prosecute the case." *Dickens*, 700 F. App'x at 118. Plaintiff's filings represent both his receipt of the Court's orders and instructions and his inability or unwillingness to follow them. *See Lonon v. J.G. Wentworth Co.*, Case No. 16–06456, 2018 WL 5316349, at *4 (E.D. Pa. Oct. 26, 2018) (concluding that the plaintiff's repeated failure to cure deficiencies brought to his attention

or explain his repeated delays supported a finding that his history of dilatoriness was willful and in bad faith).

13.    Fifth, I have already dismissed Beyer without prejudice (Oct. 24, 2024 Order), denied two prior motions to reopen this case (Jan. 10, 2025 Order, May 11, 2025 Order), and warned plaintiff that continued failures to follow my orders could result in involuntary dismissal (May 11, 2025 Order).    Plaintiff's *pro se* status limits additional lesser sanctions that I may impose and his failure to appropriately respond to my prior orders demonstrates an unlikelihood that additional orders would be effective.    *See Alexander v. Acceptance Now*, Case No. 22–00338, 2025 WL 220655, at *4 (W.D. Pa. Jan. 15, 2025), *report and recommendation adopted*, 2025 WL 490388 (W.D. Pa. Feb. 13, 2025). Accordingly, "there is no real alternative sanction that is fair to the unserved defendants but dismissal with prejudice."    *Rogers*, 2021 WL 4243494, at *1.

14.    Lastly, I consider the merits of plaintiff's claims.    Putting aside the statute-of-limitations issue raised above, I question the adequacy of plaintiff's pleading and his ability to establish subject-matter jurisdiction.    The amended complaint does not provide a clear narrative of events giving rise to his claims. *See* Fed. R. Civ. P. 8(a)(2) (requiring that a pleading provide "a short and plain statement of the claim showing that the pleader is entitled to relief"). Plaintiff's claims appear to at least partially relate to a custody dispute, but such claims do not present a federal question.    *See Ethridge v. Rahman*, Case No. 23–01441, 2023 WL 4669427, at *3 (D.N.J. July 20, 2023).    Furthermore, the amended complaint does not assert complete diversity among the parties.

Accordingly,

**IT IS** on this **30th** day of **June 2025    ORDERED** that:

1.    Plaintiff's motion at ECF No. 50 is **DENIED**.

2.    The amended complaint at ECF No. 25 is **DISMISSED WITH PREJUDICE**.

3.    The case shall remain closed.

_     /s/ Edward S. Kiel_           
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**