# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **OBIOMA CHUKWU,**<br><br>      **Plaintiff,**<br><br>    v.<br><br>**THE COMMISSIONER OF CHILDREN SERVICES D-C-F and STATE OF NJ (CHRISTINE BEYER),**<br><br>      **Defendant.** | Case No. 23–cv–01196–ESK–AMD<br><br>**OPINION AND ORDER** |

    **THIS MATTER** having come before the Court on plaintiff Obioma Chukwu's motion to vacate or set aside dismissal (ECF No. 55 (Pl.'s Mot.)); and the Court finding:

    1.    Plaintiff filed this action on February 28, 2023. (ECF No. 1.) After belatedly paying the filing fee (docket entry after ECF No. 5), the summons was issued (ECF No. 16). After this case was reassigned to me (ECF No. 17), I granted plaintiff's request to have the summons reissued (ECF No. 20).

    2.    Plaintiff filed an amended complaint (ECF No. 25) and additional documents, including yet another request to issue summons (ECF Nos. 26, 27, 28, 29). I interpreted the amended complaint as properly naming, rather than adding, defendant Christine Beyer and concluded that a new 90-day service window did not commence. (ECF No. 30 p. 2 n. 1.) I directed the Clerk's Office to issue summons for a third time and provided plaintiff with an additional 30 days to prove that he effectuated service pursuant to Federal Rule of Civil Procedure (Rule) 4(m) or provide good cause for his failure to do so. (*Id.* p. 3.)

    3.    I denied plaintiff's requests for additional time to effectuate service, dismissed his claims against Beyer without prejudice, and directed the Clerk to administratively terminate the case. (ECF No. 43.) Plaintiff twice moved to reopen the case. (ECF Nos. 44, 48.) I denied both requests, noted plaintiff's continued failure to provide proof of service, and "advised that failure to serve defendants and otherwise follow the Court's repeated instructions by May 30, 2025 may result in involuntary dismissal of this case." (ECF Nos. 45, 49.)

4. Plaintiff filed a third motion to reopen the case on May 30, 2025. (ECF No. 50.) The third motion continued plaintiff's practice of failing to demonstrate that service had been effectuated and otherwise ignoring the Court's directions. Plaintiff followed his motion with a request for evidence and subpoenas and a letter expressing frustration with the case remaining closed. (ECF Nos. 51, 52.) I responded by entering an order dismissing plaintiff's amended complaint with prejudice pursuant to Rule 41(b), citing plaintiff's continued failure to effectuate service and follow my instructions. (ECF No. 53.) The instant motion, labeled a "MOTION TO VACATE/SET ASIDE THE DISMISSAL," followed. (Pl.'s Mot.)

5. Plaintiff claims that his case was dismissed "WITHOUT FACTS AND ANY GOOD STANDING, AND CAN'T CLAIM FRIVOLOUS." (*Id.* p.2.) He asserts that he recorded more than 200 instances of misconduct perpetrated by defendants and that "IT IS A GREAT INJUSTICE FOR THIS COURT TO SHY AWAY FROM THE TRUTH." (*Id.* pp.2, 3.)

6. Plaintiff does not cite a procedural rule or standard applicable to his motion. I interpret his request to vacate or set-aside my order dismissing his case with prejudice as a motion for reconsideration. *See Green v. LG Elecs. USA*, Case No. 22–06057, 2023 WL 35868, at *1 (D.N.J. Jan. 4, 2023) (interpreting the plaintiff's motion to vacate the order of dismissal and reinstate the complaint as a motion for reconsideration). Motions for reconsideration are governed within this District by Local Civil Rule 7.1(i). *Rich v. State*, 294 F. Supp. 3d 266, 272 (D.N.J. 2018). "A brief setting forth concisely the matter or controlling decisions which the party believes the Judge has overlooked shall be filed with" the notice of motion for reconsideration. L. Civ. R. 7.1(i). Relief under Local Civil Rule 7.1(i) "is an extraordinary remedy that is granted 'very sparingly.'" *Rich*, 294 F. Supp. 3d at 272 (quoting L. Civ. R. 7.1(i) cmt. 6(d)). To prevail, the movant must present "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* (alteration in original) (quoting *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). A court "will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter." *Andreyko v. Sunrise Senior Living, Inc.*, 993 F. Supp. 2d 475, 478 (D.N.J. 2014).

7. Plaintiff has not filed a formal brief along with his motion. The motion itself refers to no intervening change in law, newly available evidence, or error of law or fact. To the extent that plaintiff's reference to a "GREAT INJUSTICE" may be interpreted as a need to prevent a manifest injustice, "[p]roving manifest injustice is a heavy burden, requiring the movant to show

that the record is 'so patently unfair and tainted that the error is manifestly clear to all who view it.'"  *See Internet Prods., LLC v. LLJ Enters., Inc.*, Case No. 18–15421, 2020 WL 13669531, at *3 (D.N.J. Jan. 15, 2020) (quoting *Biggs v. Thomas Jefferson Univ. Hosp.*, Case No. 13–03037, 2014 WL 6487284, at *2 (E.D. Pa. Nov. 19, 2014)).  Plaintiff cites no examples of unfairness or clear error.  His argument is essentially that his underlying claims are meritorious.  However, he ignores his repeated procedural errors and refusals to correct them despite being explicitly ordered to do so.  I conclude that plaintiff was given more than adequate warnings and opportunities to prosecute his case and that he has failed to provide a basis for me to reconsider my dismissal order.

Accordingly,

**IT IS** on this **17th** day of **July 2025**   **ORDERED** that:

1. Plaintiff's motion at ECF No. 55 is **DENIED**.

2. The case shall remain closed.

                                              */s/ Edward S. Kiel*
                                              **EDWARD S. KIEL**
                                              **UNITED STATES DISTRICT JUDGE**

3